## Case No. 9,393b.

### MEGRAW v. CARROLL et al.

[5 Ban. & A. 324.] [1]

Circuit Court, D. Maryland.    April, 1880.

PATENTS—INFRINGEMENT— BRUSH BLOCK—SAME EFFECT.

The complainant's patent consisting in cutting a groove of considerable depth in a brush block, and in nailing the bristles through a leather strip into the groove, so that the butts of the bristles being bent into the curve formed by the groove are thus fastened more securely, and are made to spread and flare, giving the brush a fuller and handsomer appearance, is infringed by nailing on the brush block a narrow strip about as thick as, and in lieu of, the groove, and which has the same effect.

[This was a bill filed by Evalena L. Megraw against J. Bond Carroll and others to restrain certain alleged infringements.]

Charles Marshall and G. H. Howard, for complainant.

W. H. Cowan, for defendants.

Before BOND, Circuit Judge, and MORRIS, District Judge.

This is a bill for injunction and account, alleging that the respondents are infringing patent No. 160,933, granted March 16th, 1875, to William A. Megraw, for an improvement in brushes, which patent now belongs by assignment to the complainant.

The invention consists in cutting a groove of considerable depth in the brush block, and in nailing the bristles through a leather strip into the groove, so that the butts of the bristles being bent into the curve formed by the groove; they are thus fastened more securely, and are made to spread and flare, giving the brush a fuller and handsomer appearance, making it more salable, and, it is claimed, more serviceable. The defences set up in the answer are want of novelty and absence of utility in the invention, and a denial that the brushes manufactured by the respondent are an infringement of the complainant's patent.

The evidence produced by the respondents, tending to show use of the same device by others prior to the date of the application for the Megraw patent, has failed, in our judgment, to countervail the presumption which the issuing of the patent creates in favor of the patentee, and the testimony of the witnesses in support of its novelty. It appears that in the old tied brush there was always a small groove in the block, the only purpose of which, however, was to sink the knot of the cord. It was not used at all on the brushes made with straps and nails. But it does not appear that there was any thought then of having the groove deep enough to serve any useful purpose in connection with brushes made in that manner. No one had then, so far as the evidence shows, brought into use the idea of having the groove of a considerable depth, and of forcing the butts of the bristles to bend into it, and, by that means, prevent their being pushed up or pulled out, and at the same time give them a flare, and spreading them. This was the invention of Megraw, and the remarkable increase in the demand for brushes of the class that are now made in that mode, as shown by the testimony, together with the respondents' substantial imitation of it, and the direct testimony of the complainant's witnesses, are conclusive proofs of its usefulness. The brushes made by the respondents do not have a deep groove cut in the brush block, but in lieu thereof a narrow strip about as thick as the groove is deep, nailed on the block, which has the same effect as the groove and is, obviously, and indeed confessedly, put on to produce that effect. A groove or channel can as well be made by nailing a narrow strip on and thus raising the surface of the block as by cutting a strip out and thus sinking a groove into it. This is what the respondents have done, and we are satisfied that one is the mechanical equivalent of the other.

In our judgment, the complainant is entitled to the relief prayed for in her bill, and we will so decree.